UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

DAVID WILLIAM KNARR,

Plaintiff,

v.

HEIDI STERNHAGEN,

Defendant.

Case No. 6:26-cv-01412-MTK

**OPINION AND ORDER**

**KASUBHAI,** United States District Judge:

Self-Represented Plaintiff David William Knarr ("Plaintiff") filed this lawsuit on July 10, 2026, and applied to proceed in forma pauperis ("IFP"). For the reasons below, Plaintiff's motion to proceed IFP (ECF No. 2) is GRANTED; however, the Clerk of the Court shall not issue process because Plaintiff's Complaint (ECF No. 1) is DISMISSED with prejudice.

**BACKGROUND**

Plaintiff brings this civil rights action against Heidi Sternhagen, in her official and individual capacity, and Linn County Circuit Court ("Defendants"). Compl. 1-2, ECF No. 1. Plaintiff names Linn County Circuit Court as a party in the body of the Complaint but fails to name Linn County Circuit Court in the caption. Compl. 1-2. Even though a plaintiff must

typically name a defendant in the caption, the Court nevertheless considers Plaintiff's claims against Linn County Circuit Court for judicial economy purposes.

Plaintiff alleges that Defendant Sternhagen violated his First, Fifth, Sixth, Eighth, and Fourteenth Amendment Rights, and 18 U.S.C. §§ 241, 242. Compl. 3. Plaintiff alleges that Defendant Sternhagen "used her bias against [him]" in a March 12, 2011, Linn County Circuit Court session. Compl. 4. Plaintiff alleges "[a] 30 day conviction received [an] 18 month sentence" after Defendant Sternhagen "tried to give [him] 40 months over a cannabis charge" and "made an example out of [him]" in that session. Compl. 4. Plaintiff alleges that he suffered loss of employment and housing due to Defendant Sternhagen's actions. Compl. 5. Plaintiff seeks the "max amount of compensation allowed financially by law." Compl. 5.

## DISCUSSION

### I. IFP Application

A review of Plaintiff's application reveals he is unable to afford the costs of this litigation. As such, the application is GRANTED. However, as explained in more detail below, the Complaint is DISMISSED with prejudice.

### II. Mandatory Screening

#### A. Standards

Pursuant to 28 U.S.C. § 1915(e)(2), Congress has mandated that district courts screen IFP applications and dismiss any case that is frivolous or malicious, or fails to state a claim upon which relief may be granted. In determining the sufficiency of a self-represented party's complaint, the court must be mindful to construe it liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (in assessing whether a complaint fails to plead a claim, the court must accept all factual allegations as true); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th

Cir. 1996) ("[A]ll allegations of material fact are taken as true and construed in the light most favorable to the [plaintiff]").

In addition, a complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However,

> [w]hile a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of [their] "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atl. Corp*., 550 U.S. at 555 (citations omitted). The Supreme Court has emphasized that, when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions—which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted—from "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft*, 556 U.S. at 678. In short, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citation omitted).

**B. Analysis**

Plaintiff brings Section 1983 claims against Defendant Sternhagen and, liberally construed, against the Linn County Circuit Court for violations of his First, Fifth, Sixth, Eighth, and Fourteenth Amendment Rights. Plaintiff also brings claims under 18 U.S.C. §§ 241, 242, which are criminal statutes, prohibiting, among other things, conspiracies to violate civil rights. The Court construes Plaintiff's conspiracy claim as alleging a claim under the civil analog, 42 U.S.C. § 1985.

1. Section 1983 Claims

"Section 1983 is not itself a source of substantive rights[] but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks omitted). A Section 1983 claim requires a plaintiff to establish two elements: "(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (quoting *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006)).

Section 1983 is limited in its applicability to state and local governments. First, the Eleventh Amendment bars suits against the State and its agencies, absent unequivocal consent by the State. *Jensen v. Brown*, 131 F.4th 677, 696 (9th Cir. 2025). Section 1983 is not an unequivocal waiver or abrogation of sovereign immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989). Section 1983 therefore does not permit plaintiffs to bring damages claims against states, including "governmental entities that are considered 'arms of the State'" and state officials in their official capacity. *Id.* at 70-71. District Attorneys in Oregon are considered arms of the state. *Gibson v. City of Portland*, 165 F.4th 1265, 1279-80 (9th Cir. 2026). When a claim is barred by sovereign immunity, the court lacks jurisdiction to hear the claim, and it must be dismissed with prejudice. *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988).

Plaintiff seeks to bring a damages claim against Defendant Sternhagen in her official capacity. Plaintiff also generally seeks to bring a § 1983 claim against Linn County Circuit Court but makes no allegation attributing conduct to the Court. Plaintiff's claims against Linn County Circuit Court and Defendant Sternhagen in her official capacity are barred because Defendants are shielded from liability by the Eleventh Amendment. Plaintiff's claims against Linn County

Circuit Court and Defendant Sternhagen in her official capacity are accordingly dismissed with prejudice.

Plaintiff's claims against Defendant Sternhagen in her individual capacity are also barred by immunity. Plaintiff alleges Defendant Sternhagen is an attorney who used "her bias against [him]" and sought a 40-month sentence for his cannabis charge. Compl. 4. "It has long been established that prosecutors enjoy absolute immunity from damages suits under § 1983 for activities that are 'intimately associated with the judicial phase of the criminal process.'" *Ray v. Lara*, 31 F.4th 692, 699 (9th Cir. 2022) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). This immunity reaches actions such as "the prosecutor's initiation of a prosecution and presentation of the state's case." *Gibson v. City of Portland*, 165 F.4th at 1280 (9th Cir. 2026).

Making a sentencing recommendation in a court appearance is intimately associated with the judicial process. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (9th Cir. 2009) (listing acts entitled to prosecutorial immunity); *Brown v. Cal. Dep't Corr.*, 554 F.3d 747, 750 (9th Cir. 2009) (holding prosecutors are absolutely immune for parole recommendations "because parole decisions are a continuation of the sentencing process"). Prosecutorial Immunity therefore shields Defendant Sternhagen from Plaintiff's § 1983 individual capacity claim for damages.

2. Section 1985 Claim

To prevail on a § 1985 claim, a plaintiff must plead four elements: (1) conspiracy, (2) invidious discriminatory animus depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act in furtherance of the conspiracy, and (4) injury to person or property or deprivation of a constitutional right. *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971). A class is protected under § 1985(3) only if the courts have recognized the classification as suspect or quasi-suspect

or Congress has determined that it requires special protection. *Sever v. Alaksa Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992).

"[T]he absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations." *Caldeira v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989). Both Eleventh Amendment immunity and prosecutorial immunity apply to § 1985 claims for damages. *See Pittman v. Oregon*, 509 F.3d 1065, 1071 (9th Cir. 2007) (Eleventh Amendment); *Agnew v. Moody*, 330 F.2d 868, 869 (9th Cir. 1964) (prosecutorial immunity).

Plaintiff makes no allegations that would enable the Court to hold Defendants liable under Section 1985. Plaintiff alleges no agreement between Defendant Sternhagen and the Linn County Circuit Court and makes only generalized references to "bias." Such allegations do not establish invidious discrimination towards a protected class under Section 1985. Moreover, Plaintiff's § 1985 claims must fail because they are based on the same allegations as his 1983 claims, and Defendants are immune from suit. Plaintiff's § 1985 claims are accordingly dismissed with prejudice.

**CONCLUSION**

For the reasons above, Plaintiff's motion to proceed IFP (ECF No. 2) is GRANTED; Plaintiff's Complaint (ECF No. 1) is DISMISSED with prejudice.

DATED this 1st day of September 2026.

MUSTAFA T. KASUBHAI (he/him)
United States District Judge